

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-4593
Re: What procedure should be
followed in retaining pos-
session of any vehicle or
property seized, that is
being used to illegally
transport liquor in a dry
area? And related questions.

We have your letter of recent date requesting
the opinion of this department on the questions stated
therein which reads as follows:

"Article 1, Section 44, of the Texas Liquor
Control Act reads as follows:

"'It is further provided that if any wagon,
buggy, automobile, water or air craft, or any
other vehicle is used for the transportation of
any illicit beverage or any equipment designed
to be used for illegal manufacturing of illicit
beverages, or any material of any kind which is
to be used in the manufacturing of illicit bever-
ages, such vehicle together with all such bever-
ages, equipment, or material shall be seized
without warrant by any representative of the
Board or any peace officer who shall arrest any
person in charge thereof. Such officer shall
at once proceed against the person arrested and
all principals, accomplices, and accessories to
such unlawful act, under the provisions of law,
in any court having competent jurisdiction; but
said vehicle of conveyance shall be returned to
the owner upon execution by him of a good and



Honorable Bert Ford, Administrator, Page 2

valid bond, with sufficient sureties in a sum
double the appraised value of the property,
which said bond shall be approved by said of-
ficer and shall be conditioned to return said
property to the custody of said officer on the
day of trial to abide judgment of the court.
The court upon conviction of the person so
arrested shall order the alcoholic beverages
disposed of as provided in this Act, and un-
less good cause to the contrary is shown by
the owner, shall order the sale by public auc-
tion of the property seized, and the officer
making the sale, after deducting the expenses
of keeping the property, the seizure, and the
cost of the sale, shall pay all liens, accord-
ing to priorities, which are established by
intervention or otherwise at said hearing or in
other proceedings brought for said purpose, as
being bona fide and as having been created
without the lien or having any notice that the
carrying vehicle was being used or was to be
used for illegal transportation of liquor and
shall pay the balance of the proceeds to the
Board to be allocated as permit fees. All liens
against property sold under this section shall
be transferred from the property to the pro-
ceeds of its sale. If, however, no one shall
be found claiming the team, vehicle, water or
air craft, or automobile, the taking of the same,
with description thereof, shall be advertised
in some newspaper published in the city or county
where taken, or if there be no newspaper in such
city or county, any newspaper having circulation
in the county, once a week for two (2) weeks and
by handbills posted in three (3) public places
near the place of seizure, and if no claimant
shall appear within ten (10) days after the pub-
lication of the advertisement, the property
shall be sold and the proceeds after deducting
the expenses and costs shall be paid to the
Board to be allocated as permit fees. - - - (3)

*Under authority of the above Section an
inspector of the Texas Liquor Control Board ap-
prehends a person illegally transporting liquor
in a dry area and seizes the vehicle used in
the transportation.

Honorable Bert Ford, Administrator, Page 3

"The provisions of Section 44 above quoted
are not clear with reference to the method of
retaining possession of any vehicle or property
so seized, pending trial of criminal complaints;
and the procedure, necessary to perfect sale
and disposition of such property after convic-
tion.

"Your valued opinion is requested on the
following questions:

"1. After seizure and pending the trial
of criminal complaints against the defendant
in county court, what procedure, if any, is
required of the officer seizing said property
to retain possession thereof.

"2. After conviction of the defendant in
county court on the criminal charges and, if
appealed, pending the final disposition of
criminal charges, who is entitled to possess-
ion of said property.

"3. After final conviction, what proce-
dure is necessary to secure sale and disposi-
tion of the seized property.

"4. If a civil action in the form of a
suit in behalf of the State against the defend-
ant is required, in which court will jurisdic-
tion of such action lie?"

We have carefully considered the above stated
questions in connection with Article 666-44, Vernon's An-
notated Penal Code, and the case of Pharies v. Kimbrough,
115 S. W. (2d) 661, and answer your questions as follows:

1. It will be noted that the statute referred
to (Article 666-44, supra,) among other things, provides
in effect that when any peace officer or representative
of the Board charged with the duties of enforcing the
criminal laws of this State shall discover any person in
the act of transporting in violation of the law any illicit

Honorable Bert Ford, Administrator, Page 4

beverage or any equipment designed to be used for the illegal manufacturing of illicit beverages, or any material of any kind which is to be used in the manufacture of illicit beverages, such vehicle or vehicles (as named in the statute) together with all such beverages, equipment or material shall be seized without warrant by such representative of the Board or any peace officer who shall arrest any person in charge thereof. Such officer or officers shall at once proceed against the persons arrested and all principals, accomplices and accessories to such unlawful act under the provisions of law in any court having competent jurisdiction but any vehicle or conveyance so seized shall be returned to the owner upon execution by him of a good and valid bond, or sufficient surety in a sum double the value of the property, which bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide judgment of the Court. Other portions of the statute provide for the intervention of those interested as lien holders or otherwise in the property and for setting up their respective claims thereto. After the conviction and after the claims of priority of lien holders or others are established in the property a court of competent jurisdiction is authorized to order the seized property sold after paying the prior claim of lien holders, if such there be, then the statute provides for the disposition of the remaining funds, if any. After the representatives of the Board or any peace officer has seized any vehicle used in the illegal transportation of illicit beverages and arrested the person in charge thereof and proceeded against the person arrested in a court of competent jurisdiction, there is no other procedure required and the officer seizing the same is entitled to the possession of such property pending the trial of criminal complaints against the defendant in the county court, unless said defendant executes a bond as authorized by said statute.

In answer to your second question, it is our opinion that after conviction of the defendant in the county court on the criminal charge or charges, and the case is appealed, the representative of the Board or peace officer seizing said property in the first instance shall

Honorable Bert Ford, Administrator, Page 5

retain possession of the same until final disposition of the case by the appellate court.

In support of our answer to your second question we quote from the case of Phariss v. Kimbrough, supra, as follows:

"... If appellant were acquitted of the charge of unlawfully transporting liquor, the automobile would be immediately redelivered to him, because the state has no right of appeal in such case. In the event he is convicted, and if he were entitled to retain possession of the automobile and its use pending an appeal and final judgment in the Court of Criminal Appeals, which necessarily consumes a great deal of time, the automobile would be greatly diminished in value or worthless at the conclusion or final determination of the case on appeal. The mere fact that the property was required to be delivered to the sheriff on the date of the trial does not deprive him of the value of the property nor its use, except pending the hearing and determination of his guilt in connection with the offense. The statute fully protects him in authorizing his replevy of the property pending a trial of his case; and if he is convicted, then the sheriff or person into whose custody the automobile is returned is required to proceed in a court of competent jurisdiction and secure a forfeiture of the automobile and a sale thereof as directed by the statute; ... In such a proceeding the sheriff need only show that Phariss has been finally convicted of the offense of illegally transporting liquor, because under the statute involved and the authorities, the guilt of the automobile, or the state's right of forfeiture, is imputed upon the conviction of the owner or person using the automobile in the commission of the offense; and relates back to the date of the commission of the offense. The proceeding is therefore not to forfeit; but to enforce the forfeiture that has resulted under the statute from the conviction of unlawful transportation

Honorable Bert Ford, Administrator, Page 6

of intoxicating liquor, in the commission of which offense the automobile was used. . . ."

In answer to your third question, it is our opinion, that the county court upon conviction of the person arrested shall order the sale by public auction of the property seized. It will be noted that Article 666-44, expressly provides in part, "The Court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this Act, and unless good cause to the contrary is shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure, and the cost of the sale, shall pay all liens, according to priorities, which are established by intervention or otherwise at said hearing or in other proceedings brought for said purpose, as being bona fide and as having been created without the lien or having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor and shall pay the balance of the proceeds to the Board to be allocated as permit fees. All liens against property sold under this Section shall be transferred from the property to the proceeds of its sale."

We now consider your fourth question. We assume that you have in mind some civil action regarding the sale of the property seized under Article 666-44. As heretofore stated, said statute requires the court in which the conviction was had to order the sale by public auction of the property seized.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW-LM

APPROVED AUG 7 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN